HUBBARD CITY COTTON OIL & GIN CO. v. NICKELS.

(Court of Civil Appeals of Texas. Dec. 24, 1910. Further Rehearing Denied Jan. 14, 1911.)

1. APPEAL AND ERROR (§ 714*) — REVIEW — STATEMENT OF FACTS.

The statement of facts sent to another Court of Civil Appeals on a former appeal being no part of the record on the present appeal, quotations from it cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2960; Dec. Dig. § 714.*]

2. SALES (§ 359*)—ACTION FOR PRICE—SUFFICIENCY.

Evidence in an action for the balance due on the price of cotton seed *held* to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 359.*]

Appeal from Hill County Court; Horton B. Porter, Judge.

Action by J. A. Nickels against the Hubbard City Cotton Oil & Gin Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Morrow & Smithdeal and Tarlton Morrow, for appellant. W. E. Spell and Luther Nickels, for appellee.

TALBOT, J. This suit was instituted by the appellee against the appellant to recover the sum of $617.56, and this is the second appeal of the case. See 89 S. W. 795. The trial resulting in the judgment from which the present appeal is prosecuted was had upon appellee's second amended petition, in which it is alleged, in substance, that on or about the 18th day of August, 1902, plaintiff was engaged in the business of buying seed cotton, ginning cotton, and handling and hauling cotton seed, owning at the time and during the cotton season of 1902 a cotton gin at Mart, Tex. That defendant at said times and during the cotton season of said year was engaged in the business of purchasing cotton seed to be used by it in the manufacture of cotton seed products by its oilmill situated at Hubbard City, Tex. That on or about February 13, 1902, plaintiff entered into a written contract with defendant under the terms of which contract plaintiff was obligated to deliver unto the said defendant the cotton seed obtained in the course of the business of ginning seed cotton at his aforesaid gin plant for the seasons of 1902–03, and in return defendant was obligated to receive such seed so delivered and to pay therefor the current market price. That because of market and other conditions as to seed cotton and cotton seed existing at Mart, Tex., during the early part of the ginning season of 1902, plaintiff was unable to secure seed cotton to be ginned at his gin plant, and was therefore unable to deliver cotton seed to the defendant. That, in view of the circumstances, and to the end that plaintiff might secure seed cotton to be ginned at his said gin plant and that defendant might thereby get cotton seed from said plaintiff, the defendant, acting through J. B. McDaniel, who was at that time president of the defendant company, and who had full authority to so act and bind defendant, on or about the above-named date, did enter into a certain agreement with this plaintiff, in furtherance of the purpose and object of the aforementioned written contract, the terms of which agreement and contract, in substance, are as follows: In consideration of the agreement, which was made on the part of the plaintiff to sell and furnish to defendant the cotton seed of his gin during the said ginning season, and to be derived from his ginning business for said season or part thereof, defendant agreed to receive same, and to pay therefor, to plaintiff, upon its receipt, such amount per ton as, allowing to plaintiff $3 per bale for the ginning of the seed cotton, which was to be purchased by the plaintiff in the conduct of said ginning business from which to obtain said seed, and all expenses of hauling, weighing, and loading, would net to plaintiff the amount that he should pay for said seed cotton to be by him so purchased, and that he should or might purchase in pursuance of such agreement after crediting the amount that should be received by him in the sale of the several bales of lint cotton produced from said seed cotton, and defendant to pay all freight charges upon the cotton seed so sold and shipped to it in pursuance of such agreement; that is to say, that on all seed cotton so purchased and ginned by plaintiff during said season from the conduct of his ginning business defendant agreed to receive the seed therefrom and pay plaintiff therefor such amount per ton as, allowing for the price that might be obtained by plaintiff in the sale of the lint cotton produced from such seed cotton and all expenses of weighing, hauling, and loading, would make the plaintiff whole or reimburse him for the amounts paid out by him in the purchase of said seed cotton, and would net him the sum of $3 per bale for the binning of such seed cotton. The petition then alleges the number of pounds of seed cotton purchased by plaintiff in pursuance of the verbal agreement, the amount paid therefor, the several amounts paid for the drayage, weight, and loading of said cotton, the number of bales of lint cotton ginned from the seed cotton, the number of pounds of cotton seed derived therefrom, and showing that the total amount due plaintiff was $3,216.91, and that, after crediting defendant with all payments made, it was still indebted to plaintiff in the

sum of $617.56, the amount sought to be recovered in this suit.

At a former day of the present term we affirmed the judgment of the court below without a written opinion. We were then, and are still, of the opinion that none of the appellant's assignments of error was well taken; that the testimony adduced on the trial was sufficient to send the case to the jury; and that we would not be warranted in disturbing their verdict. The appellant has filed a motion for rehearing and requests that, in the event said motion is overruled, we reduce our findings of fact to writing. As reasons for this request, it is alleged: "That it appears that this case was appealed once before when the same was passed on by the Court of Civil Appeals sitting at San Antonio, another court than this one; that said appeal and the opinion of the court therein is reported in 89 S. W. 795; that in that opinion the Court of Civil Appeals at San Antonio held the evidence insufficient to support the verdict; that the evidence upon the former appeal and the present appeal to this court is in substance identical; that the question as to whether any given state of facts makes out a case and is sufficient to support a verdict is a question of law and not of fact; that this court has held the evidence substantially the same as in the former appeal of the case sufficient to support a verdict, and has in that holding rendered an opinion upon a question of law contrary to the Court of Civil Appeals at San Antonio; that the Supreme Court has jurisdiction of cases in which there is a conflict between the opinions of two Courts of Civil Appeals upon any queston of law; that appellant is desirous of suing out a writ of error to the Supreme Court, and for that reason prays that this court make findings of fact."

We see no good reason for changing the views originally entertained in regard to the disposition that should be made of the appeal, and the motion for rehearing will be overruled.

Whether the evidence on the present appeal is the same as on the appeal that went to the Court of Civil Appeals sitting at San Antonio, we have no means, which can be considered, of knowing. Appellant's counsel have incorporated in the statement made under the first assignment of error presented to this court what purports to be the testimony of J. A. Nickels and J. B. McDaniel as found in the statement of facts sent to the court at San Antonio on the former appeal, and claim that said testimony is substantially the same as the testimony appearing in the record on this appeal; but the statement of facts sent to the court at San Antonio is not a part of the record now before this court, and the quotations from it cannot be considered. Again, looking to the opinion of the Court of Civil Appeals of the Fourth District, as published in 89 S. W. 795, we find that the evidence upon which that court based its conclusion, as expressed in said opinion, to the effect that the evidence was "insufficient to prove that the contract upon which the indebtedness claimed by the plaintiff is predicated was ever made," is not set out. But, in deference to appellant's request, we make the following findings of fact, which we think the evidence justifies: On or about February 13, 1902, plaintiff, Nickels, entered into a written contract with the defendant by the terms of which plaintiff obligated himself to deliver to the defendant the cotton seed obtained from the ginning of cotton at his gin plant during the season of 1902–03, and the defendant obligated itself to pay therefor the current market price, as alleged in his petition. J. B. McDaniel of Hubbard City was president of the defendant company, and W. R. Bounds was manager of said company. About the 14th day of August, 1902, the competition in the buying and ginning of seed cotton in and around the town of Mart, where the plaintiff's gin was located, became so great that plaintiff was unable to procure for ginning as much seed cotton as was necessary to furnish defendant as many cotton seed as it desired to secure as a result of its written contract with the plaintiff, or to pay plaintiff a sufficient amount to justify or enable him to run the gin. About the date stated plaintiff called on J. B. McDaniel, the president of the defendant company, and informed him of these facts. In the conversation which occurred between the plaintiff and McDaniel on this occasion, the conditions which confronted them in reference to carrying out their written agreement were discussed, and to the end that the plaintiff might gin seed cotton at his gin upon such terms made with the defendant as would pay plaintiff a sufficient amount to justify him in continuing the operation of his gin, and to enable him to secure such quantities of cotton as was necessary to supply defendant the quantity of cotton seed that it desired to obtain from plaintiff, the verbal agreement, as alleged in plaintiff's petition, was entered into. In the conversation referred to, McDaniels, as the authorized agent of defendant, agreed to take the cotton seed from plaintiff for the defendant at such a price as would pay the market price of the seed and net plaintiff for the ginning $3 per bale. Plaintiff upon the faith of that agreement, and in pursuance thereof, bought and ginned 330 bales of cotton and delivered the seed ginned therefrom to the defendant. The total amount which the defendant obligated itself to pay plaintiff for the seed so delivered to it was $3,216.91, all of which amount has been paid, except the sum of $617.56, which is sued for in this action. In other words, we find that the evidence was sufficient to justify the jury in concluding that

the material or essential facts alleged in plaintiff's petition were established.

The motion for rehearing is overruled.